IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COREY SCHOENROCK,

                Plaintiff,                     OPINION AND ORDER

      v.                                         12-cv-495-bbc

STATE OF WISCONSIN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Corey Schoenrock has filed a proposed civil action under 42 U.S.C. § 1983 in which he alleges that a "diabetic blood testing needle" was left in his cell at the Portage County jail. Plaintiff has been granted leave to proceed in forma pauperis and the complaint is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). In screening any pro se litigant's complaint, the court must construe his claims generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). In this case, plaintiff fails to state a claim on which relief may be granted, however generously his complaint is construed.

1

ALLEGATIONS OF FACT

Plaintiff was incarcerated at the Portage County jail for three days in early July. Plaintiff found a "diabetic blood testing needle" in his cell. He gave it to an officer at the jail. He states, "This incident endangered not only my safety, but other inmates, and the jailers' safety."

OPINION

I understand plaintiff to be alleging that he was housed in unsafe conditions at the Portage County jail. At the outset I note that plaintiff does not make clear the circumstances of his incarceration; if he was sentenced to his jail time, the Eighth Amendment's protection from cruel and unusual punishment applies. If he was a pretrial detainee, his constitutional claims fall under the Fourteenth Amendment's due process guarantee, but even if this is the case, it is appropriate to borrow the Eighth Amendment standard. E.g., Forrest v. Prine, 620 F.3d 739, 744 (7th Cir. 2010).

To state a conditions of confinement claim under the Eighth Amendment, a plaintiff must satisfy a test that involves both a subjective and objective component. Farmer, 511 U.S. at 834. The objective component focuses on "whether the conditions at issue were sufficiently serious that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (internal quotations omitted). The subjective component focuses on "whether the prison officials acted wantonly and with a sufficiently culpable state of mind." Lunsford v.

Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994).

In prison conditions cases, the requisite "state of mind is one of 'deliberate indifference' to inmate health or safety." Farmer, 511 U.S. at 834. Deliberate indifference "implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997) (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985)). To meet this component, "it is not enough for the inmate to show that the official acted negligently or that he or she should have known about the risk." Townsend, 522 F.3d at 773. Rather, "the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." Id.

Plaintiff's allegations fall short of meeting these standards. To begin with, the state of Wisconsin is not a suable entity under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). The state is not the correct defendant anyway, because plaintiff was incarcerated at a county jail. In any case, even had he named particular defendants who worked at the jail, his allegations do not sustain a constitutional claim because the presence of a needle in his cell is not sufficiently serious to "result[] in the denial of the minimal civilized measure of life's necessities." Townsend, 522 F.3d at 773. Plaintiff simply handed the needle to an officer, which eliminated the problem. He not allege that jail staff knew about the needle beforehand or otherwise acted so recklessly in failing to discover the needle that deliberate indifference could be inferred. Accordingly, I conclude

that the case should be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted.

## ORDER

IT IS ORDERED that

1. This case is DISMISSED for failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to close the case.

Entered this 11th day of September, 2012.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge